UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| GEORGE EVERLY EADS, | ) |
| Petitioner, | ) Civil Action No. |
| | ) 6:13-cv-29-JMH-REW |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DON BOTTOM, WARDEN, | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge Robert E. Wier. [D.E. 11]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner Eads's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [D.E. 1]. Following an initial review of the petition, the Court determined that the action was time-barred and ordered the Respondent to file a response on the issue of timeliness, to which Petitioner could reply. Respondent responded [D.E. 7], and Petitioner replied. [D.E. 10]. In his Recommended Disposition, the Magistrate Judge concludes that Petitioner's filing of the Writ was untimely, and, thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 should be denied and this matter dismissed.

The Magistrate Judge filed his Report and Recommendation [D.E. 11] on May 12, 2014, advising Petitioner that

particularized objections to same were due within fourteen days or further appeal would be waived. That time has now expired, and Petitioner has filed no objections.

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Recommended Disposition as its own.

Further, no certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254

motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED**:

(1) that the Recommended Disposition of Magistrate Judge Robert E. Wier [D.E. 11] be, and the same hereby is, **ACCEPTED** and **ADOPTED**;

(2) that the Petition for a Writ of Habeas Corpus [D.E. 1] be, and the same hereby is, **DISMISSED WITH PREJUDICE**; and

(3) that no certificate of appealability will issue.

This the 12th day of June, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge